IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KIMBERLY A. BENSON                                             PLAINTIFF

vs.                          Civil No. 1:17-cv-01058

NANCY A. BERRYHILL                                    DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kimberly A. Benson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability applications on October 6, 2010. (Tr. 15). In these applications, Plaintiff alleges she was disabled due to bipolar disorder with psychosis and asthma. (Tr. 162). Plaintiff alleges an onset date of April 1, 2010. (Tr. 15). These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

initially and again on reconsideration. (Tr. 84-87).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 33-83). An administrative haring was held on February 7, 2012 in El Dorado, Arkansas. *Id.* At this administrative hearing, Plaintiff was present and was represented by Denver Thornton. *Id.* Plaintiff, Vocational Expert ("VE") Mr. Wallace[2], and a witness for Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified she was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). (Tr. 38). Plaintiff also testified she had completed the twelfth grade in school but had gone no further. (Tr. 40).

On April 4, 2012, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 12-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2010, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mood disorder NOS, personality disorder NOS, substance addiction disorder, obesity, asthma, and chronic obstructive pulmonary disease (COPD). (Tr. 17-19, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they

---

[2] The first name for "Mr. Wallace" was not included in the transcript.

were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work. Additional limitations include: only occasional and no frequent crouching, kneeling, crawling, and stooping. The claimant would be limited to unskilled or the low end of semi-skilled work. She can understand, remember, and follow concrete instructions; and with her medication and without illicit drug use, she can handle superficial contact such as meet, greet, make change, and give simple instructions and directions.
>
> The law requires that a claimant under age 50 be considered for sedentary work. Therefore, in the alternative, the claimant has the residual functional capacity to perform the full range of sedentary work. She can perform a job while sitting or with a sit/stand option. Additional limitations include: only occasional and no frequent crouching, kneeling, crawling, and stooping. The claimant would be limited to unskilled or the low end of semi-skilled work. She can understand, remember, and follow concrete instructions; and with her medication and without illicit drug use, she can handle superficial contact such as meet, greet, make change, and give simple instructions and directions.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she did not retain the capacity to perform any of her PRW. (Tr. 25-26, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 26-27, Finding 10). The ALJ applied the Medical-Vocational Guidelines or "Grids" in making this determination. *Id.* Specifically, the ALJ determined Plaintiff was "not disabled" under Rule 202.21 (full range of light work) and Rule 201.28 (full range of sedentary work) of the Grids. *Id.* Based upon the Grids, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 1, 2010 through the date of her decision or through April 4, 2012. (Tr. 27, Finding 11).

Thereafter, Plaintiff's case was reversed and remanded by this Court. *See Benson v. SSA,*

3

1:13-cv-01064 (ECF No. 14). This remand was entered at the SSA's request for further administrative development. *Id.* The ALJ held a second administrative hearing (Tr. 470-505) and entered a second fully unfavorable decision. (Tr. 446-462). In this decision, the ALJ again found Plaintiff was not disabled. (Tr. 446-462).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. (Tr. 427). On March 24, 2017, the Appeals Council declined to assume jurisdiction of this case. (Tr. 433-436). On September 29, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 29, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14 at 1-21. Specifically, Plaintiff claims the following: (A) the ALJ erred in her credibility assessment; (B) the ALJ erred in properly assessing her impairments under the Listings; (C) the ALJ erred in assessing the opinions of her treating psychiatrist; and (D) the ALJ erred in assessing her RFC. *Id.* The Court will address each of these arguments.

**A.     Credibility Assessment**

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 14 at 3-10. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ properly assessed Plaintiff's subjective complaints. Indeed, the ALJ considered the following regarding Plaintiff's daily activities:

> In her Function Report, *the claimant reported that she cares for her children and her mother, prepares meals, cleans house, and does laundry. She is able to care for her personal hygiene, with no special reminders, and she drives a car and shops for groceries twice a month*. (Exhibit 10E.) The clamant testified at the hearing that she takes meds three times per day, but she still has problems. *Despite her problems, she testified that she would be able to manage her own finances if she took her medication.*

(Tr. 453) (emphasis added). The ALJ also noted the following regarding Plaintiff's daily activities:

> In determining the degree of limitation caused by the claimant's respiratory impairment, the undersigned has considered the claimant's acknowledged daily activities. *The claimant has smoked a pack of cigarettes per day for many years*. In fact, on August 22, 2014, she reported that she had been smoking since she was thirteen years old. (Exhibit 35F/8-14.) Further, the claimant testified that she worked part-time as a self-employed house cleaner from 2010 to 2013. Though she stated she

7

> was only cleaning her mother's home, that job would have certainly required exposure to chemicals, dusts, fumes, and odors. *She did not identify these environmental factors as an issue in her employment. She has continued to help clean her mother's home, but she stated that she now spends about eight hours a week, at the most, doing this.* She further testified at the hearing that she sometimes goes on a cleaning frenzy in her own home. *She identified this as a symptoms of her mental impairment, but she did not state that she had any physical problem that affected her ability to engage in the cleaning frenzy.*

(Tr. 456) (emphasis added). The ALJ also noted Plaintiff "has given inconsistent presentations on consultative examination, including feigning a panic attack that resolved quickly when it did not get the examiner's attention." (Tr. 460). The ALJ noted Plaintiff "has very clearly stated that her goals is to be found disabled" and "has engaged in goal-oriented behavior toward this result and made complaints that are inconsistent with relatively benign mental status examinations and her own ability to maintain daily activities." *Id.*

Upon review, the reasons for discounting Plaintiff's subjective complaints are sufficient under *Polaski*. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (recognizing "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, the court should normally defer to the ALJ's credibility determination"). Thus, the Court finds no basis for reversal on this issue.

    **B.**    **Listings 12.03, 12.04, 12.06, and 12.08**

Plaintiff claims her impairments meet the requirements of Listings 12.03, 12.04, 12.06, and 12.08. ECF No. 14 at 1-21. Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet the requirements of any of these Listings.

Indeed, although Plaintiff references Listings 12.03, 12.04, 12.06, and 12.08, Plaintiff does

not demonstrate how these impairments meet the *specific* requirements of any of these Listings. Thus, the Court will not address these listings further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

### C. Treating Psychiatrist

Plaintiff claims the ALJ erred in assessing the findings of her treating psychiatrist, Dr. Merle Wiseman, M.D. ECF No. 14 at 16-19. Plaintiff claims Dr. Wiseman found she was disabled, and the ALJ should have adopted those findings. *Id.* Upon review, it appears the findings from Dr. Wiseman are included as a part of a nine-page "checklist" form with no evaluation or basis for his findings. (Tr. 1089-1097).

As such, his opinions are not entitled to controlling weight, even if they are from a treating source. *See Holmstrom v. Massanari,* 270 F.3d 715, 720-21 (8th Cir. 2001) (recognizing that such checklist forms are entitled to limited "evidentiary value"). Thus, based upon the Court finds no basis for reversal on this issue.

### D. RFC Assessment

Plaintiff claims the ALJ erred in her RFC assessment. ECF No. 14 at 19-21. In making this argument, Plaintiff again raises the claims that the ALJ erred in evaluating her subjective complaints and erred in evaluating the findings of her treating psychiatrist. *Id.* Because the Court has already addressed these issues, they will not be considered again with this argument.

### 4. <u>Conclusion</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of November 2018.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE